439



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John R. Shook
Criminal District Attorney
Bexar County
San Antonio, Texas

Attention: Mr. L. J. Gittinger

Dear Sir:

Opinion No. 0-4636
Re: Is the justice of the
peace, acting as Registrar
for the Bureau of Vital
Statistics, authorized to
collect fees where there
is no fee fixed by law for
the service performed by
him as such Registrar, and
related questions?

Your letter of recent date requesting the opinion
of this department on the questions stated therein reads as
follows:

"We hand you herewith copy of letter re-
ceived from the Honorable Frank Vaughan, Jus-
tice of the Peace, Precinct #1, Bexar County,
Texas.

"We also enclose herewith copy of our re-
quest to you, for an opinion on a similar ques-
tion, dated January 28, 1942, and refer you to
your opinion No. 0-4378 in answer to our re-
quest.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John R. Shook, Page 2

"We also hand you copy of our opinion to Judge Vaughan dated March 26, 1942.

"We know of no further authorities on the question submitted, except that newspaper accounts state that the Supreme Court, in passing on the question of the ownership of fees in the case of Nueces County vs. Currington, Tax Collector, is reported to have held that such fees belonged to Nueces County.  I have no copy of the opinion.

"It is Judge Vaughan's contention that he is entitled to the fees, commissions and payments earned by him for acting as Registrar for the Board of Vital Statistics under the provisions of the last paragraph of Art. 3912e, Sec. 19, Subdivision (c).

"We now desire to propound three questions:

"(a)  Is the Justice of the Peace, acting as Registrar for the Board of Vital Statistics, authorized to collect fees where there is no fee fixed by law for the service performed by him as such Registrar?

"(b)  In the event it be held that the fee was collected without authority of law, should the fee be returned to the payer, retained by the Justice of the Peace, or paid over to the County?

"(c)  Is the Justice of the Peace entitled to accept and retain for himself fifteen cents in payment of each proof of death transmitted by him to the Social Security Board upon a form submitted by the Board where provision has been made for the Social Security Board to make such payment?

"A prompt answer is requested on the questions submitted."

The letter of the justice of the peace addressed to you, mentioned in the first paragraph of your letter, omitting the formal parts reads as follows:

"Attached hereto is a check in the sum of $2.00 tendered to me by Mr. Ralph E. Cadwallader on behalf of one of his clients for the following purpose:

"Under the laws of the State of Kansas one may establish his record of birth by presenting to that State a certificate of the Local Registrar of the County of the State in which the person resides, stating in substance that such Registrar had viewed the family bible, insurance policies or other stated instruments and that such instruments and bible contained facts regarding the birth of said party. Mr. Cadwallader presented to me such documents and inquiried as to the fee. I informed him that I did not know of any prescribed fee but was sure that it would not exceed $1.00 for each person upon whom information was sought. Whereupon he presented the necessary instruments for two people and tendered the attached check.

"Please inform me whether or not I have the right to accept such tender and if so, is it accountable."

Rule 53a, Article 4477, Vernon's Annotated Civil Statutes, as amended, Acts 1941, 47th Legislature, page 783, Chapter 486, provides in part as follows:

". . . .

"That each local registrar shall be paid the sum of Fifty (50) Cents for each birth and death certificate properly and completely made out and registered with him, and correctly recorded and promptly returned by him to the State Bureau of Vital Statistics, as required by this Act, unless such Local Registrar shall

be acting as Registrar of Births and Deaths in an incorporated city where the compensation of the Registrar is otherwise fixed by city ordinance.

". . . ."

The last sentence in subsection (c) of Section 19 Article 3912e, Vernon's Annotated Civil Statutes, applying to counties having a population in excess of one hundred and ninety thousand inhabitants according to the last preceding Federal Census reads as follows:

"In counties where the commissioners' court determine to place the justices of the peace on a salary basis the justice of the peace shall receive in addition thereto, all fees, commissions, or payments for performing marriage ceremonies and for acting as registrar for the Board of Vital Statistics and when acting as ex officio notary public."

Where justices of the peace are compensated on an annual salary basis, such justices of the peace are authorized to collect and retain fees (which are authorized and provided by law) for acting as registrars for the Board of Vital Statistics, in addition to their annual salaries, which have been fixed by the commissioners' courts in compliance with the Officers Salary Law. In connection with the foregoing we direct your attention to our opinion No. 0-4225 and enclose a copy of the same herewith.

The above mentioned opinion does not hold that justices of the peace acting as registrars for the Board of Vital Statistics are authorized to collect and retain fees where there is no fee fixed or authorized by law for the services enjoined on them by statute and performed by them as such local registrars.

With reference to your first question, it is well established that an officer may not claim or retain any money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled. To entitle an officer

to receive fees or commissions, the receipt thereof must have been provided for and the amount fixed by law and he must have performed the services for which compensation has been certified. An officer is not entitled to any compensation in addition to that which has been fixed by law for the performance of the duties of his office, even though the compensation so fixed is unreasonable or inadequate. He may be required by law to perform specific services or discharge additional duties for which no compensation is provided. The obligation to perform such services is imposed as an incident to the office, and the officer by his acceptance thereof is deemed to have engaged to have performed them without compensation. If there is no specific statutory authority providing for the payment of fees, it has been repeatedly held that public officers are not permitted to collect fees unless the same are provided for by law and the amount for declared by law. (Texas Jurisprudence, Vol. 34, pp. 511, 522, 531; Benford vs. Robinson, 234 S.W. 807; Duclos vs. Harris County, 298 S.W. 417; McCalla vs. City of Rockdale 246 S.W. 654; State vs. Mark, 57 Texas, 307; Cosby County Cattle Company vs McDermitt, 281 S.W. 293)

In view of the foregoing, we respectfully answer your first question as stated above, in the negative.

We now consider your second question. As we understand this question, you have reference to the fee mentioned in the letter of the justice of the peace quoted above. The services rendered or the duties performed by the local registrar mentioned in the above quoted letter of the justice of the peace are not services or duties enjoined or required by statute. This being true, we are of the opinion, that the local registrar is legally entitled to receive and retain the above mentioned fee. (Cosby County Cattle Company vs. McDermitt; Section 19, Article 3912e, supra) In connection with the foregoing we want to point out that our answer to your first question applies only to those services or duties imposed upon the local registrar by the statute for which no fee is provided.

We quote from the case of Nueces County vs. Ann Currington, et al, No. 1699 -7880, (opinion delivered May 20, 1942) as follows:

". . . .

"It may be stated at the outset that the Court of Civil Appeals correctly holds that a fee paid a public officer for the performance of a duty enjoined by statute is a fee collected in an official capacity. It is equally true that unless the fee is provided by law for an official service required to be performed and the amount thereof fixed by law, none can lawfully be charged therefor. State v. Moore, 57 Texas, 307, 320, 321; McCalla vs. City of Rockdale (Com. App.) 246 S.W. 654. It does not follow, however, that a county whose official collects a fee wrongfully, but under color of office, is not entitled to have same deposited and paid over in the same manner as is required for disposition of fees rightfully collected. Whether a county official who has wrongfully collected fees officially is estopped to assert as against the county a personal claim thereto, is not before us. The only questions presented are those arising by virtue of the upholding by the Court of Civil Appeals of the action of the trial court in sustaining defendant's general demurrer to the county's petition.

". . . .

"It is our conclusion that the fees collected, whether rightfully or wrongfully, were for services rendered by defendant officially. . . . .

". . . .

"It follows from what we have stated that we hold the defendant acted in her official capacity in issuing the tax certificates and receiving therefor the fees sued for by the county; also that it was her duty to account for and pay same into the county treasury for the benefit of the Officers Salary Fund, and that having failed to do so and having breached her official

duty in that respect, both she and her surety became liable to the county therefor."

We have carefully considered the above mentioned case (Nueces County vs. Ann Currington, et al.) in connection with your second and third questions and do not believe that this case is applicable to these questions because the services rendered by the county tax assessor-collector were performed by her acting in her official capacity and the duty of performing such services was enjoined upon her by statute. In performing the services mentioned in your second and third questions, we do not think, that the local registrar was rendering any service or performing any duty enjoined upon him as such by statute.

What was said with reference to your second question is equally applicable to your third question. Therefore, it is our opinion that the justice of the peace is legally entitled to accept and retain for himself the amount received in payment for each proof of death transmitted by him to the Social Security Board.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED JUN 18, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:ff
Encl.



APPROVED OPINION COMMITTEE BY [signature] CHAIRMAN